LINDA MILLER SAVITT, SBN 094164
GORDON N. KOJIMA, SBN 127976
BALLARD, ROSENBERG, GOLPER & SAVITT LLP
10 Universal City Plaza, Sixteenth Floor
Universal City, CA 91608-1097
Telephone: 818-508-3700
Facsimile: 818-506-4827

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Defendants,
NORTHERN INYO COUNTY LOCAL HOSPITAL DISTRICT, HERMAN J. SPENCER and MARSHA WINSTON

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. HUNTSINGER,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN INYO COUNTY LOCAL HOSPITAL DISTRICT, a public entity; HERMAN J. SPENCER, an individual; MARSHA WINSTON, an individual; and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO. CV-F-03-5070 REC TAG<br><br>**STIPULATION FOR PROTECTIVE ORDER;** ▬▬▬ **ORDER** |

**WHEREAS:**

A.   Plaintiff Anthony Huntsinger ("Plaintiff") desires to conduct discovery in this action;

B.   Defendant Northern Inyo County Local Hospital District ("NIH"), contends that certain of the documents and information which it could be required to produce, reveal, or disclose during this action may be or contain proprietary, confidential, non-public, and/or highly sensitive business, financial, medical and/or personal information which may constitute, *inter alia,* protected trade secrets and/or personal information (hereinafter "Confidential Information"); and

-1-
STIPULATED PROTECTIVE ORDER

318727.1

C. NIH is willing to allow such Confidential Information to be produced, revealed, and/or disclosed for use in this litigation, so long as such Confidential Information is maintained in confidence and cannot be used or disclosed outside the confines of this litigation; and

D. The entry of a Protective order to allow such Confidential Information to be produced, revealed, and/or disclosed for use in this litigation will be in furtherance of the proceedings in this case; and

E. This Protective Order will be applicable to any Confidential Information furnished by any party or non-party to any other party in connection with this action. The Confidential Information protected may include, but is not limited to, responses to demands for production of documents or other things, responses to interrogatories, responses to requests for admission, documents produced at or in advance of depositions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing;

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between Plaintiff and NIH, through their respective counsel of record herein, that the following Order is to be entered by the Court to give effect to the Stipulation as set forth below:

1. Confidential Information produced by any party or non-party in this litigation designated as "CONFIDENTIAL" shall be used solely for purposes of this litigation, including any appellate proceedings, and shall not be used or disclosed for any other purpose.

2. No information designated as "CONFIDENTIAL" shall be used or disclosed except as provided in this Protective Order.

3. Any party or non-party may designate as "CONFIDENTIAL" or any Confidential Information which any such party or non-party reasonably and in good faith believes is protected or privileged from disclosure under applicable California law or under federal law.

4. Nothing in this Protective Order shall in any way limit the uses which the parties and/or third parties may make of their own Confidential Information.

5. Any Confidential Information designated as "CONFIDENTIAL" shall be marked "CONFIDENTIAL" when produced to the receiving party. Any such markings which are inadvertently omitted may be corrected by written notification to all counsel of record. It is the intention of all parties for only those documents which are legitimately confidential to be marked in this fashion.

(a) For written material, documents, or tangible items, the designation of any particular page of written material shall signify that all information contained on the page is designated "CONFIDENTIAL" unless otherwise indicated.

(b) For information not reduced to written material, documents, or tangible items, or information that cannot be conveniently designated as set forth in this paragraph, the producing party will designate the Confidential Information by giving written notice to the receiving party when the Confidential Information is produced.

6. Deposition testimony and exhibits may also be designated as "CONFIDENTIAL" at the request of the party, non-party, or counsel for the party or nonparty producing such information, or at the request of any party or counsel for any party to the action. The following procedures shall be followed if such information is discussed or disclosed in a deposition:

(a) Any court reporter who records deposition testimony in this action which will be designated as Confidential Information as set forth herein will be given a copy of this Protective Order and will be required to agree on the transcript of the deposition, before taking down any witness testimony, that he or she will not disclose any testimony or information revealed at the deposition, except to the deponent, producing non-party, and appropriate Qualified Recipients.

(b) At the written request of a party, the original and all copies of any deposition transcript will be initially considered as a whole to be designated as

"CONFIDENTIAL" information subject to this order. On written demand by a non-requesting party accompanied by a written designation of the portions of testimony in the transcript that the non-requesting party considers to not constitute Confidential Information, the requesting party will have ten (10) business days after actual receipt of the demand to designate in writing those portions of the testimony in the transcript that the requesting party considers to be properly designated as "CONFIDENTIAL" information. Any disputes over this designation will be resolved through the procedure designated in paragraph 15, for removal of information from designation as "CONFIDENTIAL" information. Once resolved, the reporter will promptly conform the original and all copies of the transcript in accordance with the agreed-on or resolved designation at the expense of the party requesting or seeking the change in designation.

(c) If a request under this Paragraph 6 is made on the record during a deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "CONFIDENTIAL" information and additionally shall list the pages and line numbers of the transcript on which such information is contained. The party requesting such a designation shall be responsible for making arrangements with the court reporter taking and transcribing said deposition proceedings to designate the portions of the deposition transcript containing information designated as "CONFIDENTIAL" and to label such portions accordingly. The other parties shall cooperate in such arrangements and shall confirm a request to so designate the record if asked by the court reporter. Said designation shall be stamped or affixed so as not to obscure or deface the material or any portion of its contents.

(d) Alternatively, a request under this Paragraph 6 may be made in writing within ten (10) days after counsel for a party receives a copy of the transcript of the deposition from the court reporter. The request shall contain a list of the numbers of the pages and lines of the transcript and/or the exhibits thereto that are to be designated as containing "CONFIDENTIAL" information, and specific

designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of their transcripts and each copy thereof.

7. If any person or party having possession, custody, or control of any Confidential Information receives a subpoena or other process or order to produce designated "CONFIDENTIAL" information in another action, he or she will promptly:

(a) Notify in writing the attorneys of record of the party claiming confidentiality of the Confidential Information sought by the subpoena or other process or order;

(b) Furnish those attorneys with a copy of the subpoena or other process or order; and

(c) Provide reasonable cooperation with respect to a procedure to protect the Confidential Information sought to be pursued by the party whose interests may be affected. If the party asserting confidentiality makes a motion to quash or modify the subpoena, process or order, there will be no disclosure until the Court has ruled on the motion, and then only in accordance with the Court's ruling. If no motion is made within the time frame required by law, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this Protective Order.

8. Confidential Information designated as "CONFIDENTIAL" may not be disclosed by a non-producing party to anyone except to the following "Qualified Recipients":

(a) the Court, its employees, and the jury;

(b) privately retained court reporters;

(c) counsel of record for the parties and the legal staff and employees of such counsel who are working on this litigation;

(d) parties, officers, directors, and employees of any of the parties to this litigation who are assisting counsel in the prosecution or defense of this litigation;

(e) independent expert witnesses and consultants and their employees retained by any of the parties or their counsel, who are assisting in the prosecution or defense of this litigation;

(f) any other person who may be later designated by written agreement of all parties in this action or by order of the Court, obtained on notice of motion (or on shortened time as allowed by the Court) permitting such disclosure, or who otherwise obtains authorization to receive Confidential Information in accordance with this Protective Order; and

(g) any persons to whom the Court orders that disclosures may be made.

9. Prior to disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person within Category 8(e), (f) or (g), above, such person shall agree in advance to be bound by this Protective Order by signing a declaration in the form annexed hereto as Exhibit "A." Counsel for the party who desires to disclose such information to the person set forth in Paragraphs 8(e), (f) or (g) above, shall keep the original of each executed declaration. Promptly after the parties designate the experts expected to testify at trial, the designating parties who have disclosed "CONFIDENTIAL" information to experts or consultants shall promptly provide the other parties in this case with a copy of all acknowledgment forms completed and signed by the experts or consultants who received the confidential information or material. With respect to experts or consultants whose identities are not disclosed to opposing parties, the receiving party shall provide the producing

1 party with a copy of any such person's completed and signed form promptly after
2 entry of final judgment or settlement or other final disposition of this action.

3     10. Pleadings that contain or annex "CONFIDENTIAL" information will be
4 filed in sealed envelopes on which will be endorsed the title of this action, an
5 indication of the nature of the contents of the sealed envelope or other container, the
6 word "CONFIDENTIAL" and a statement substantially in the following form: "This
7 envelope is sealed under order of the Court, contains confidential information, and
8 may not be opened nor the contents revealed except by order of the Court." Any court
9 hearing that refers to or describes Confidential Information may be held in camera in
10 the Court's discretion. The manner of presentation and use of Confidential
11 Information at trial will be addressed by the trial judge.

12     11. In the event that any Confidential Information designated as
13 "CONFIDENTIAL" is used in any court proceeding in this action, it shall not lose
14 such designation or status through such use, and the party using such Confidential
15 Information shall take all reasonable steps to maintain such designation and status
16 during such use.

17     12. The designation of Confidential Information as "CONFIDENTIAL"
18 pursuant to this Protective Order shall not be construed as a concession or admission
19 by the designating party that such Confidential Information is relevant, material, or
20 admissible as to any issue. Nothing in this Protective Order shall be construed as
21 waiving any objection to the production of evidence or to discovery requests, nor
22 shall this Protective Order be construed to require the production of any particular
23 testimony, documents, evidence, or other information protected by the attorney-client
24 privilege and/or the attorney work product doctrine. The taking of, or the failure to
25 take, any action to enforce the provisions of this Protective Order, or the failure to
26 object to any designation or any such action or omission, will not constitute a waiver
27 of any right to seek and obtain protection or relief, other than as specified in this
28

1  Protective Order, of any claim or defense in this action or any other action, including,
2  but not limited to, any claim or defense that any information:

3        (a)    Is or is not relevant, material, or otherwise discoverable;

4        (b)    Is or is not confidential or proprietary to any party or non-party;

5        (c)    Is or is not entitled to particular protection; or

6        (d)    Embodies or does not embody trade secrets or confidential
7  commercial information of any party or non-party. In making this claim or defense,
8  the party must comply with the procedures described in this Protective Order. This
9  Protective Order is entered into without any prejudice to the right of any party to
10  apply to the Court at any time to relax or rescind the restrictions of this Protective
11  Order, when convenience or necessity requires. The procedures set forth in this
12  Protective Order will not affect the rights of the parties to object to discovery on
13  grounds other than those related to trade secrets or proprietary information claims,
14  nor will they relieve a party of the necessity of proper response to discovery devices.

15      13.    Confidential Information designated as "CONFIDENTIAL" shall be
16  stored under the direct control of counsel for the parties, who shall be responsible for
17  preventing any disclosure thereof except in accordance with the terms of this
18  Protective Order.

19      14.    Confidential Information will not be copied or otherwise reproduced by
20  a receiving party, except for transmission to Qualified Recipients, without the written
21  permission of the producing party or by further order of the Court. Nothing in this
22  order will restrict a Qualified Recipient from making working copies, abstracts,
23  digests and analyses of Confidential Information for use in connection with this
24  action. All working copies, abstracts, digests, and analyses will be considered to be
25  designated as "CONFIDENTIAL" under the terms of this Protective Order.

26      15.    If a party contends that any Confidential Information which another party
27  has designated as "CONFIDENTIAL" is not entitled to such protection, such party
28  may file a motion with the Court to change, limit, or remove such designation. Prior

to filing such a motion, the parties shall meet and confer in a reasonable and good faith manner in an attempt to informally resolve the dispute. The Confidential Information designated as "CONFIDENTIAL" and in dispute shall remain designated and treated as such pursuant to this Protective Order until otherwise ordered by the Court or agreed to by the parties. In any dispute under this Section of this Order, the prevailing party shall be entitled to an award of reasonable attorney's fees incurred relating or pertaining to the dispute, and shall be awarded all such reasonable attorney's fees in the discretion of the Court.

16. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by further Order of this Court, and shall survive the termination of this litigation, provided however that this Protective Order may be amended by stipulation of the parties or by further Order of this Court. The Court shall retain jurisdiction to resolve any disputes concerning the use or disclosure of any Confidential Information produced, revealed, or disclosed pursuant to this Protective Order.

17. Except as otherwise agreed to in writing by the producing party, at the conclusion of this litigation and of any appellate proceedings arising herein, whether this litigation be settled or otherwise resolved in full prior to trial, or tried on the merits, all Confidential Information which has been designated as "CONFIDENTIAL" and all copies thereof, produced by any party in this litigation or otherwise obtained from any party or non-party, shall be promptly returned to the producing party or, at the written request of the producing party, destroyed.

18. The parties agree that the manner of presentation and use of any confidential information and documents at trial will be addressed by the Court, including the Magistrate Judge assigned to conduct the Pretrial Conference.

19. With respect to the filing of confidential documents with the Court, the parties agree that compliance with the applicable rules for filing documents under seal

1  and/or with redacted information (Local Rules 39-141 and 39-140 for the United
2  States District Court for the Eastern District of California) shall be mandatory.

3      20.   This Protective Order shall be binding upon and inure to the benefit of
4  the parties hereto and any additional parties to this action subsequently joined,
5  voluntarily or involuntarily, after the date hereof, as well as their officers, directors,
6  employee, agents, successors and assigns.

7      21.   This Protective Order will not abrogate or diminish any contractual,
8  statutory, or other legal obligation or right of any party or person with respect to any
9  Confidential Information. The fact that information is designated as Confidential
10 Information under this Protective Order will not be considered to be determinative of
11 what a trier of fact may determine to be confidential or proprietary. Absent a
12 stipulation of all parties, the fact that information has been designated as
13 "CONFIDENTIAL" under this Protective Order will not be admissible during the
14 trial of this action, nor will the jury be advised of any such designation. The fact that
15 any Confidential Information is disclosed, used or produced in discovery or at trial
16 in this action will not be construed or interpreted as such information being
17 admissible in any action or proceeding before any court, agency, or tribunal as
18 evidence that the information:

19     (a)   Is or is not relevant, material, or otherwise admissible;
20     (b)   Is or is not confidential or proprietary to any party or non-party;
21     (c)   Is or is not entitled to particular protection; or
22     (d)   Embodies or does not embody trade secrets or confidential
23            research, development, or commercial information of any party or
24            non-party.

25 **IT IS SO STIPULATED AND AGREED.**

-10-
STIPULATED PROTECTIVE ORDER
318727.1

Case 1:03-cv-05070-REC-TAG   Document 78   Filed 04/22/05   Page 11 of 12

1  DATED: ~~March~~ April 6, 2005              BERGER, SILVERMAN & GEPHART

   By: _____
        ROBERT HANNA
        Attorneys for Plaintiff,
        ANTHONY HUNTSINGER

   DATED: ~~March~~ April 6, 2005              BALLARD, ROSENBERG,
                                                GOLPER & SAVITT LLP

   By: _____
        GORDON N. KOJIMA
        Attorneys for Defendant,
        NORTHERN INYO COUNTY LOCAL
        HOSPITAL DISTRICT

## ORDER

Pursuant to the foregoing Stipulation, IT IS SO ORDERED.

Dated: April 22, 2005        _____
                              THE HONORABLE TERESA A. GOLDNER
                              MAGISTRATE JUDGE, U.S. DISTRICT COURT

-11-
STIPULATED PROTECTIVE ORDER

318727.1

# EXHIBIT "A"
## DECLARATION RE: CONFIDENTIALITY

I, _____, declare:

1. I reside at _____

2. I have read the Protective Order, dated _____, 2005, entered in the litigation entitled *Anthony Huntsinger v. Northern Inyo County Local Hospital, et al.* Case No. CV-F-03-5070 REC TAG (the "Protective Order").

3. I am fully aware of and familiar with the contents of the Protective Order and I agree to comply with and be bound by the provisions thereof.

4. I will not divulge to persons other than those specifically authorized by the Protective Order, and I will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Protective Order, any Confidential Information designated as "CONFIDENTIAL" pursuant to the Protective Order.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for purposes of resolving any and all disputes regarding this Declaration and the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, _____, at _____.

Print Name _____    Signature _____

STIPULATED PROTECTIVE ORDER

318727.1