IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. HUNTSINGER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NORTHERN INYO COUNTY LOCAL<br>HOSPITAL DISTRICT, et al.,<br><br>　　　　　Defendants. | CASE NO.  1:03cv5070 REC TAG<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS AND REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br>(Docs. 67, 71-72) |

　　　　Plaintiff Anthony W. Huntsinger ("Plaintiff") seeks an order compelling the following: (1) all written evaluations of any kind related or pertaining to Defendant Marsha Winston ("Defendant Winston") from the date she first performed services for the Northern Inyo County Local Hospital District ("District") to the present; (2) all documents on which any person relied in preparing any portion of any written evaluations of any kind related or pertaining to Defendant Winston from the date she first performed services for the District to the present; (3) the complete personnel file for Defendant Winston; (4) all documents related or pertaining to, setting forth or recording, any complaint by any person, about any alleged or claimed hostile work environment at the Northern Inyo Hospital ("Hospital"); (5) all documents related or pertaining to, setting forth or

///

///

recording, any complaint by any person, about any reports to Defendant Herman J. Spencer ("Defendant Spencer") of alleged or claimed hostile work environment at the Hospital; (6) all documents related or pertaining to, setting forth or recording, any response to any complaint by any person, about any alleged or claimed hostile work environment at the Hospital; (7) all notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California in 1998; (8) all documents related to or pertaining to or setting forth the response of the District to any notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California in 1998; (9) all notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California from January 1, 1997 until January 1, 2002; and (10) all documents related to or pertaining to or setting forth the response of the District to any notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California from January 1, 1998 until January 1, 2002. (Court Docs. 67, 72).

Defendants claim (1) Plaintiff's requests seek irrelevant documents; (2) the requests seek documents unduly invasive to certain individuals' privacy rights, and (3) the requests are burdensome and oppressive. (Court Doc. 72).

Plaintiff also filed an application requesting permission to file documents under seal, and not electronically. (Court Doc. 71). By virtue of the joint statement, Defendants additionally made a request that documents responsive to Requests 5, 7 and 8 be filed under seal. (Court Doc. 72). Plaintiff joined in Defendants' request that these documents be filed under seal, until the issues raised in the instant motion to compel are resolved (Court Doc. 72), and Defendants did not object to Plaintiff filing the documents under seal. Accordingly, the Court GRANTS the parties' motions to file the documents under seal.

## FACTUAL BACKGROUND

Plaintiff filed this action on January 17, 2003, and filed a first amended complaint on February 26, 2004 seeking to recover damages based on sexual harassment claims under state and federal law; wrongful termination in violation of statutorily permitted personnel regulations, public policy and statutes prohibiting the termination of whistle blowers; assault and battery; intentional infliction of emotional distress; unfair competition; defamation and violation of 42 U.S.C. § 1983. (Court Doc. 30).

Plaintiff alleges he was employed in the radiology department of the Hospital, by the District, from August 3, 1987, until December 27, 2001, when he was terminated from his employment at the Hospital. During the time of his employment, Plaintiff asserts he made numerous reports of wide-spread, systemic, and on-going deficiencies in patient care, safety, and compliance with state and federal regulations at the Hospital to agents of the District, including Defendant Winston and Defendant Spencer, and state agencies charged with the regulation and oversight of the Hospital. Plaintiff alleges that the District failed to correct the alleged deficiencies, failed to respond to them, and, instead, began to harass and retaliate against Plaintiff. Plaintiff alleges, as part of the harassment, which was designed to make his work environment intolerable, to force him to cease reporting deficiencies, and to force his involuntary termination, Defendants: (1) changed his schedule and demoted him from supervisory positions; (2) excluded him from performing tests at which he was especially skilled; (3) failed to inform and otherwise excluded him from continuing education seminars which were necessary for continued licensure and profitable for professional growth; and (4) excluded him from participation in a salary reorganization of the Radiology Department in or about October 2001 in which every other member received an increase in pay. Plaintiff also alleges his supervisor, Defendant Winston, began a pattern and practice of sexually harassing Plaintiff in or about 1992 or 1993. Plaintiff resigned from full time employment with the District on December 26, 2001. Plaintiff requested a reassignment to part time work which was ultimately denied by the District.

///

///

Defendants contest Plaintiff's allegations. Defendants contend that the events alleged by Plaintiff did not occur as Plaintiff alleges, that the operation of the Hospital was not deficient, that Plaintiff was not subjected to any form of hostile work environment arising from sexual harassment or for other reasons, and that Plaintiff never complained of such conduct. Defendants deny that sexual harassment took place and contend that there was no causal connection between any report of alleged deficiencies in the District's operation and the end of Plaintiff's employment. Defendants contend that Plaintiff voluntarily resigned his employment and that they would have denied him part time employment notwithstanding the existence of potentially improper motives.

## ANALYSIS & DISCUSSION

### A. Discovery overview

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," United States v. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

### B. Request for Production of Documents Standards

Fed. R. Civ. P. 34(b) requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." A

party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" on the date specified in the request. Fed. R. Civ. P. 34(a); Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co., 576 F.Supp. 511, 512 (W.D. Pa. 1983). The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." Fed. R. Civ. P. 34(b). Failure to respond to a Rule 34 request within the time permitted waives all objections, including privilege and work product. Richmark Corp. V. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

**C.     Requests for Production**

*1. Plaintiff seeks information pertaining to Defendant Marsha Winston*

**Document Request 5** (All written evaluations of any kind related or pertaining to Marsha Winston from the date she first performed services for the Northern Inyo County Local Hospital District ("District") until the present).

**Document Request 7** (All documents on which any person relied in preparing any portion of any written evaluations of any kind related or pertaining to Marsha Winston from the date she first performed services for the District until the present).

**Document Request 8** (The complete personnel file for Marsha Winston).

**Defendants' Answer:** Defendants object to these requests as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and unduly invasive of Defendant Winston's constitutionally protected right of privacy.

**Plaintiff's argument:** Plaintiff argues that he is entitled to discover information that may reveal a pattern or practice of the District, and the evaluations are sought to determine whether the existence of regulatory violations impacted these evaluations and to show the nature of any policies regarding the handling of regulatory violations or those who reported them.

Plaintiff asserts that the personnel records are relevant because they would show whether Defendant Winston engaged in practices which created hostile work environments of the type Plaintiff complained, whether she was known (and had been reported) to have cavalier attitudes regarding regulations, whether Defendant Winston failed (and had been reported for failing) to

follow regulations, whether Defendant Winston retaliated for reports of hospital deficiencies, and how the District responded to those issues.

Plaintiff claims some financial records of Defendant Winston are relevant because payroll action forms showing increases in pay exhibit that, despite the problems in the operation of the radiology department reported by Plaintiff, Defendant Winston continued to receive pay increases.

Plaintiff argues that personnel files are discoverable over privacy and privilege claims in federal question cases. He contends that Defendant Winston has no reasonable expectation that private information that bears directly on her fitness will remain private, and, in any event, any privacy concerns Defendant Winston may have would be adequately addressed by a protective order. Specifically, Plaintiff contends that the certificates issued by the state of California regarding Defendant Winston's credentials and other certificates reflecting her completion of continuing education courses are discoverable over any privacy or privilege claims.

**Defendants' arguments:** Defendants assert that the subject performance evaluations do not contain negative comments or ratings but only reflect a positive performance by Defendant Winston during the tenure of her employment. Thus, Defendants contend that these documents will not lead to the discovery of admissible evidence. However, Defendants agree that some of the comments within Defendant Winston's performance evaluations reflect information related to licensure, credentials and the completion of continuing education courses, and, as such, Defendants appear to agree that these documents are discoverable.

**Analysis:** Document Request No. 5 seeks Defendant Winston's performance evaluations only. At the hearing on the instant motion, Plaintiff's counsel represented that Plaintiff did not wish to compel production of the documents described as items 1, 3, 5, 6, 7, 23, and 29 on the Defendants' privacy log, which was submitted along with Defendants' documents filed under seal. Plaintiff requests in Document Request No. 5 that items 15, 27, 34, 49 and 67 from Defendant's privacy log be produced. (Court Doc. 72, p. 7). Plaintiff indicates that, because of the sparse description of the documents provided in Defendants' privacy log, he cannot ascertain which

///

///

documents listed in the privacy log would be responsive to Document Request No. 7. (Court Doc. 72, p. 12). Therefore, Plaintiff requests all material on which Defendant Winston's performance evaluations were based in Document Request No. 7. (Court Doc. 72, p. 12).

Document Request No. 8 seeks the remainder of Defendant Winston's personnel file, which includes, but is not limited to, all of the documents listed in the privacy log, with the exception of items 1, 5, 6, 7, 23 and 69. (Court Doc. 72, p. 14). At the motion hearing in this matter, Defendants' counsel represented that Defendant Winston agreed to voluntarily produce the following items described on the privacy log, subject to a protective order:  items 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25 (redacted to exclude additional employee's information), 26, 29, 31, 32, 33, 39 (redacted to exclude salary information), 40, 41, 42, 43, 44, 45, 46, 50, 51, 52, 53, 54, 55, 56, 59, 60, 61, 62, 63, 64, 65, 66, and 68. At the hearing on the instant motion, Defendants' counsel represented that privacy log items 35 (warning notice), 36 (letter to Defendant Spence) and 37 (letter to Katy Kamel) have already been produced in discovery. Thus, with respect to Defendant Winston's personnel file, the remaining privacy log items in dispute are:  2 (maintenance record), 4 (maintenance record), 15 (performance evaluation), 27 (performance evaluation), 28 (hourly rate form ), 30 (personnel policies acknowledgment form), 34 (performance evaluation), 38 (issuance of revised personnel policies memo), 47 (confidentiality acknowledgment), 48 (update 2004 test sheet), 49 (performance evaluation), 57 (performance evaluation) , 58 (performance evaluation) and 67 (performance evaluation).

## Relevance

Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is **relevant to the subject matter** involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less

///

///

probable than it would be without the evidence." Fed. R. Evid. 402 provides that all relevant evidence is admissible except as otherwise provided by the U.S. Constitution, Act of Congress, or applicable rule of Federal Rules of Evidence.

Relevance requires that the evidence have "any" tendency to prove or disprove "any" consequential fact. This test incorporates two separate components:

1. *Logical Relevance*: The evidence must have some tendency, however slight, to make any fact more or less probable, i.e., is the evidence probative – does it tend to prove or disprove a fact?

2. *Legal Relevance*:   The evidence must relate to a fact "of consequence" to the case, i.e., will the "fact" that the evidence is offered to establish help in determining some issue in the case? 2 Jones & Rosen, Federal Civil Trials and Evidence (1999) Evidence, para. 8:111, p. 8B-2.

Based on the underlying allegations of this case, i.e., that the operation of the Hospital was deficient, that Plaintiff's complaints of the alleged deficiencies went unanswered, and that Plaintiff was subjected to a hostile work environment arising from, among other reasons, sexual harassment from his supervisor, Defendant Winston, it appears that the personnel file of Defendant Winston is relevant to this matter.  The Court agrees with Plaintiff that the personnel records are relevant because they might show whether Defendant Winston engaged in practices which created hostile work environments of the type Plaintiff complained, whether Defendant Winston was known (and had been reported) to have cavalier attitudes regarding regulations, whether Defendant Winston failed (and had been reported for failing) to follow regulations, whether Defendant Winston retaliated for reports of hospital deficiencies, and how the District responded to those issues.  In addition, the financial records contained in Defendant Winston's personnel file are relevant because payroll action forms showing increases in pay exhibit that, despite the alleged problems in the operation of the radiology department reported by Plaintiff, Defendant Winston continued to receive pay increases.  At the motion hearing, Plaintiff's counsel represented that Plaintiff does not seek to compel the dollar amounts of Plaintiff's salary or salary increases, merely the fact(s) that she received one or more of them during the relevant time period.

///

///

The Court has reviewed in camera the entirety of Defendant Winston's personnel file, and concludes the entire file is relevant to this matter, excepting the following privacy log items: 1, 3, 5, 6, 7, 23, 25 (as to another employee's information only), and 69, and further excepting Defendant Winston's social security number and the dollar amounts of raises and compensation. Accordingly, the Court finds that the Documents Requests 5, 7, and 9 will be permitted as limited herein, provided the items within the personnel file are not subject to a successful privacy right challenge of Defendants.

**Right of Privacy**

Federal courts ordinarily recognize a right of privacy can be raised in response to a discovery request. Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992), cert. denied, 507 U.S. 910, 113 S.Ct. 1255 (1993); Cook v. Yellow Freight System, Inc., 132 F.R.D. 548 (E.D. CA 1990). To the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the party from discovery. Samuelson v. Susen, 576 F.2d 546 (3rd Cir. 1978).

In California, the right to privacy is set forth in Article I, Section I of the California Constitution. It is not an absolute right but a right subject to invasion depending on the circumstances. Hill v. National Collegiate Athletic Ass'n, 7 Cal.4th 1, 37, 26 Cal.Rptr.2d 834, 857 (1994). Courts have often found that a party's need for information may outweigh whatever privacy rights, if any, another party may have. The custodian of private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection. Board of Trustees of Leland Stanford Junior University v. Superior Court, 119 Cal.App.3d 516, 526, 174 Cal.Rptr. 160, 164-165 (1981).

However, there is no authority extending privacy protection to personnel or work-related information in the face of a discovery request. Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441 (11th Cir. 1984), cert. denied, 469 U.S. 1108, 105 S.Ct. 784 (1985); Rubin v. Regents of Univ. of Cal., 114 F.R.D. 1 (N.D. CA 1986).

///

///

As noted by Plaintiff, personnel files are discoverable over privacy and privilege claims in federal question cases like the instant matter.  <u>Garratt v. City and County of San Francisco</u>, 818 F.2d 1515, 1519 n. 6 (9th Cir. 1987); <u>Guerra v. Board of Trustees</u>, 567 F.2d 352 (9th Cir. 1977); <u>Welsh v. City and County of San Francisco</u>, 887 F.Supp. 1293, 1301 (N.D. Cal. 1995).  Employees have no reasonable expectation that private information bearing directly on their fitness will remain private.  <u>Larson v. Harrington</u>, 11 F.Supp.2d 1198, 1202 (E.D. Cal. 1998); <u>National Treasury Employees Union v. Von Raab</u>, 489 U.S. 656 (1989).  Performance evaluations bear directly on an employees fitness.  Accordingly, Document Request No. 5, which seeks Defendant Winston's performance evaluations, i.e., privacy log items 15, 27, 34, 35, 36, 37, 49 and 67, should be produced.  Moreover, Plaintiff's Document Request No. 7, which requests all material on which Defendant Winston's performance evaluations were based, also defeats a privacy claim and should be produced.

With regard to Document Request No. 8 (Defendant Winston's entire personnel file), the undersigned finds that Plaintiff's need for the information outweighs the privacy right asserted by Defendants, with respect to privacy log item number 2 (with redaction of dollar amounts of hourly wages and social security number), 4 (with redaction of dollar amounts of hourly wage and social security number), 15, 25 (with redaction of other employee's basic life support card), 27, 28 (with redaction of dollar amounts of hourly wages), 30, 34, 35, 36, 37, 38, 39 (with redaction of residence and mailing addresses, home and office phone numbers, social security number, and hourly rate), 47, 48, 49, 57, 58, and 67.

As noted above, Defendant Winston's personnel file is relevant because it may show whether Defendant Winston engaged in practices which created hostile work environments of the type Plaintiff complains, whether Defendant Winston was known or reported to have cavalier attitudes regarding regulations, whether Defendant Winston failed or had been reported for failing to follow regulations, and whether Defendant Winston retaliated for reports of hospital deficiencies.  The information contained in Defendant Winston's personnel and described in the preceding paragraph, is relevant to this action, and Plaintiff's need for this information outweighs any privacy concerns

///

///

Defendant Winston may have.  Therefore, all items in the privacy log, excluding items 1, 3, 5, 6, 7, 23 and 69, should be produced, but shall first be redacted as set forth in the preceding paragraph.  To address any privacy concerns of Defendant Winston, a protective order shall first be issued to limit the use of the information.

**Ruling:**  The Court grants Plaintiff's motion to compel as to Document Request Nos. 5, 7, and 8 as set forth above, and orders Defendants, no later than 20 days from the date of service of this ruling, to produce to Plaintiff the documents described in the two preceding paragraphs, after they have been redacted in accordance with this ruling.  Furthermore, the Court orders counsel for the parties to meet and confer and agree upon a mutually acceptable form of protective order to be approved by the Court before the items from Defendant Winston's personnel file shall be produced.  In the event no agreement is reached, the parties may return to the Court for further protective order relief.

### *2.  Plaintiff seeks information pertaining to complaints against the Hospital*

**Document Request 24** (All documents related or pertaining to, setting forth or recording, any complaint by any person, about any alleged or claimed hostile work environment at the Hospital).

**Document Request 25** (All documents related or pertaining to, setting forth or recording, any complaint by any person, about any reports to Herman J. Spencer of alleged or claimed hostile work environment at the Hospital).

**Document Request 26** (All documents related or pertaining to, setting forth or recording, any response to any complaint by any person, about any alleged or claimed hostile work environment at the Hospital).

**Plaintiff's argument:**  At the time of the hearing on the instant motion, Plaintiff withdrew his motion to compel as to Request for Production Nos. 24, 25, and 26.

**Conclusion:**  Accordingly, Plaintiff's motion to compel as to Document Request Nos. 24, 25, and 26 are hereby withdrawn from the instant motion, without prejudice.

///

///

### *3. Plaintiff seeks 1998 violation notices against the District*

**Document Request 37** (All notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California in 1998).

**Document Request 38** (All documents related to or pertaining to or setting forth the response of the District to any notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California in 1998).

**Defendants' Answer:** Defendants object to these requests as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unduly invasive of the constitutionally protected privacy rights of certain individuals who may be identified or referred to in the responsive documents. At the time of the hearing on the instant motion, Defendants withdrew their objection to the document requests on the basis of the documents being protected from disclosure due to the attorney-client privilege.

**Plaintiff's argument:** Plaintiff argues that, although the District has agreed to produce documents relative to the regulatory violations that have occurred within the Radiology Department, where Plaintiff was employed, he believes that additional documents, showing regulatory violations throughout the District's operations, are also discoverable in order to show the existence of a pattern or practice of the District. Plaintiff argues that the breadth of these requests are reasonable, premised on his assumption that regulatory violations are rare. Plaintiff contend that documents relative to complaints about violations of state regulations - the most serious of the deficiencies in hospital operations - are relevant to show the existence of violations, a pattern or practice of ignoring them, and a pattern or practice of retaliation against the person reporting the violations. At the hearing on the instant motion, Plaintiff's counsel agreed to limit Document Requests 37 and 38 to "diagnostic machines, patient care, and safety regulations."

///
///
///

Regarding the privacy issue, Plaintiff argues that an employee has no reasonable expectations that information about misconduct or reports of such to co-workers or management will remain private. Plaintiff asserts that he has discovered information displaying that, indeed, information about regulatory violations must be posted until corrected. Again, Plaintiff asserts that any privacy concerns that the reporters of this misconduct would have could be adequately addressed by a protective order.

**Defendants' arguments:** Defendants assert that these requests are overbroad because they seek notices of, and responses by the District to, all violations of statutes or regulations by the Department of Health Services, the Joint Commission for the Accreditation of Healthcare Organizations and other agencies, irrespective of the department with the Hospital which was cited for a violation. Defendants therefore argue that the requests are overbroad because they are not specifically tailored to seek the production of documents which relate to the Radiology Department where Plaintiff was employed.

**Analysis:** As noted above, Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is **relevant to the subject matter** involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 provides that all relevant evidence is admissible except as otherwise provided by the U.S. Constitution, Act of Congress, or applicable rule of Federal Rules of Evidence.

In light of Plaintiff's claims, the documents requested by Plaintiff do appear to be reasonably calculated to lead to the discovery of admissible evidence, although not as to every claim. For example, Plaintiff has failed to explain or show how a pattern or practice of regulatory violations in departments other than the radiology department, is reasonably calculated to lead to the discovery of

///

relevant evidence of sexual harassment[1] or a violation of the Fair Employment and Housing Act[2] in the radiology department. However, evidence of a pattern or practice of regulatory violation responses in departments other than the radiology department, is reasonably calculated to lead to the discovery of relevant evidence of wrongful termination,[3] given Plaintiff's allegations that his employment was wrongfully terminated in part because he reported wide-spread, systemic, and on-going deficiencies regarding compliance with state and federal regulations at the Hospital to agents of the District. Therefore, the document requests for information pertaining to 1998 notices and responses to District, Hospital and employee violations are relevant to this lawsuit.

Balancing the need for the requested information against the privacy rights argued by Defendants, the Court finds that Plaintiff's need for this information outweighs any privacy concerns Defendants may have, provided that all such information shall be subject to a protective order. Therefore, Defendants shall produce all documents relative to regulatory violations throughout the District's operations for 1998, with respect to diagnostic machines, patient care, and safety regulations. A protective order shall be issued to address reporting party privacy concerns.

**Ruling:** The Court grants Plaintiff's motion to compel as to Document Request Nos. 37 and 38 in part, and denies such motion in part. The motion is granted only as the requests relates to State of California violations by the District with respect to diagnostic machines, patient care, and safety regulations, for 1998. A protective order shall be issued to address reporting or reported party privacy concerns. Defendants are ordered, no later than June 1, 2005, to produce to Plaintiff the requested documentation; namely, all notices of, and responses to, 1998 District state regulatory violations with respect to diagnostic machines, patient care, and federal and safety regulations,

---

[1] Plaintiff's first claim in his first amended complaint alleges that Defendants Does 1-25 inclusive and Defendant Winston sexually harassed Plaintiff in violation of Title VII of the Civil Rights Act.

[2] Plaintiff's third claim alleges a violation of the California Fair Employment and Housing Act, alleging that Defendant Winston called Plaintiff inappropriate names, touched Plaintiff in an inappropriate manner, created a sexually hostile work environment, denied his request for per diem employment because he rejected Defendant Winston's sexual advances, and conspired to deprive him of his employment and to injure his reputation, with the intent to harass him on the basis of his gender. Plaintiff's fourth claim (against the District) alleges Plaintiff was wrongfully terminated in violation of state statutes prohibiting retaliation for whistle-blowing, alleged as a public policy violation of such statutes.

[3] Plaintiff's second claim for relief alleges wrongful termination.

subject to a protective order.  Further, the Court orders that counsel for the parties shall meet and confer and agree upon a mutually acceptable form of protective order, to be approved by the Court before the documentation shall be produced.  In the event of a disagreement as to the form of such a protective order, the parties may return to the Court for further relief.  The balance of Plaintiff's motion as to Document Request Nos. 37 and 38 is denied.

### *4. Plaintiff seeks all violation notices against the District, Hospital or any employee over a five year period*

**Document Request 57** (All notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California from January 1, 1997 until January 1, 2002).

**Document Request 58** (All documents related to or pertaining to or setting forth the response of the District to any notices of violations and other documents setting forth any violation of statute or regulation by the District, Hospital or any employee of the District arising from or related to any inspections conducted by any agency of the State of California from January 1, 1998 until January 1, 2002).

**Defendants' Answer:** Defendants object to these requests as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unduly invasive of the constitutionally protected privacy rights of certain individuals who may be identified or referred to in the responsive documents.  Again, at the time of the hearing on the instant motion, Defendants withdrew their objection to the document requests on the basis of the documents being protected from disclosure due to the attorney-client privilege.

**Plaintiff's argument:** Plaintiff again argues that documents showing regulatory violations throughout the District's operations are discoverable in order to show the existence of a pattern or practice of the District.  Plaintiff alleges that he believes the breadth of the requests should be reasonable based on the assumption that regulatory violations are rare.  He contends that documents relative to complaints about violations of state regulations are relevant to show the existence of

///

violations, a pattern or practice of ignoring them, and a pattern or practice of retaliation against the person reporting the violations.

As to the privacy issue, Plaintiff again asserts that an employee has no reasonable expectations that information about misconduct or reports of it to co-workers or management will remain private.  Plaintiff alleges that he has discovered information showing that, indeed, information about regulatory violations must be posted until corrected.  Again, Plaintiff asserts that any privacy concerns that the reporters of this misconduct would have could be adequately addressed by a protective order.

**Defendants' arguments:**  Defendants assert that these requests are overbroad because they seek notices of, and responses by the District to, all violations of statutes or regulations by the Department of Health Services, the Joint Commission for the Accreditation of Healthcare Organizations and other agencies, irrespective of the department with the Hospital which was cited for a violation and spanning over a period of several years.  Defendants therefore argue that the requests are overbroad because they are not specifically tailored to seek the production of documents which relate to the radiology department where Plaintiff was employed.

**Analysis:**  Document Request Nos. 57 and 58 seek information pertaining to all notices and responses to all District violations of any violation of any statute or regulation pertaining to any inspection conducted by any state agency from January 1, 1997 to January 1, 2002.  These requests are not tailored to the issues raised in the pleadings and do not appear to be designed to define and clarify the issues.  In Section Three, Plaintiff was granted discovery for violations related to "diagnostic machines, patient care, and safety regulations" for the year 1998. Plaintiff fails to adequately explain the relevance of the five-year time frame set out in Document Request Nos. 57 and 58, arguing only that it might provide a "data base" for statistical information, and perhaps produce evidence of a pattern or practice.

The Court concludes that Document Request Nos. 57 and 58 are overbroad and place an over burdensome demand on Plaintiff, as originally propounded.  However, at the hearing on the motion, Plaintiff's counsel submitted the matter for a ruling based on the same arguments made with respect to Document Request Nos. 37 and 38, the latter of which proposed to limit the scope to "diagnostic

machines, patient care, and safety regulations." The Court concludes that limiting the subject of the responses to state regulatory violations with respect to diagnostic machines, patient care, and safety regulations, for a two pear period commencing January 1, 1997 and ending December 31, 1998, places an appropriate limit on the scope of this discovery request in a manner designed to reflect, define and clarify the issues in this case, and affords a sufficient period of time to establish any pattern or practice and corresponding statistical base. Balancing the need for the requested information against the privacy rights argued by Defendants, the Court finds that Plaintiff's need for this information outweighs any privacy concerns Defendants may have, provided that all such information shall be subject to a protective order.

**Ruling:** The Court grants Plaintiff's motion to compel as to Document Request Nos. 57 and 58 in part, and denies such motion in part. The motion is granted only as the requests relate to state violations by the District, Hospital, and District employees, with respect to diagnostic machines, patient care, and safety regulations, for the period commencing January 1, 1997 and ending December 31, 1998. A protective order shall be issued to address reporting or reported party privacy concerns. Defendants are ordered, no later than June 30, 2005, to produce to Plaintiff all documents notices of, and responses to, 1997 and 1998 District, Hospital and employee state regulatory violations with respect to inspections of diagnostic machines, patient care and safety regulations made from January 1, 1997 to December 31, 1998, subject to a protective order. Further, the Court orders that counsel for the parties shall meet and confer and agree upon a mutually acceptable form of protective order, to be approved by the Court before the documentation shall be produced. In the event of a disagreement as to the form of such a protective order, the parties may return to the Court for further relief. The balance of Plaintiff's motion as to Document Request Nos. 57 and 58 is denied.

### ORDERS

Based on the foregoing, the Court makes the following orders:

1. Plaintiff's motion to compel as to Document Request Nos. 5, 7, and 8, are GRANTED, subject to a mutually acceptable protective order. Defendants are to

///

produce such documents no later than 20 days from the date of service of this Order, subject to protective order.

2. Counsel for the parties are to submit a stipulated form of protective order regarding Document Request Nos. 5, 7, and 8, within 10 days from the date of service of this Order, or if unable to mutually agree, must apply to the Court for further protective order relief by that date.

3. Plaintiff's motion to compel as to Document Request Nos. 24, 25, and 26 are hereby withdrawn, without prejudice.

4. Plaintiff's motion to compel as to Document Request Nos. 37 and 38 is GRANTED in part and DENIED in part. The motion is GRANTED as to State of California violations pertaining to diagnostic machines, patient care, and safety regulations, subject to protective order. Defendants are to produce such documents no later than June 1, 2005, subject to protective order. The balance of the motion is DENIED.

5. Plaintiff's motion to compel as to Document Request Nos. 57 and 58 are GRANTED in part and DENIED in part. The motion is GRANTED as to State of California violations pertaining to diagnostic machines, patient care, and safety regulations, for the period from January 1, 1997 to December 31, 1998. Defendants are to produce such documents no later than June 30, 2005, subject to a protective order. The balance of the motion is DENIED.

6. Counsel for the parties shall submit a stipulated form of protective order regarding Document Request Nos. 37, 38, 57 and 58, no later than 10 days from the date of service of this Order, or if unable to mutually agree, shall apply to the Court for further protective order relief by that date.

FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.

IT IS SO ORDERED.

**Dated:   April 28, 2005**            /s/ Theresa A. Goldner
j6eb3d                         UNITED STATES MAGISTRATE JUDGE