**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY W. HUNTSINGER,<br><br>    Plaintiff,<br><br>    vs.<br><br>NORTHERN INYO COUNTY LOCAL HOSPITAL DISTRICT, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:03-cv-5070 REC TAG<br><br>ORDER REGARDING PRODUCTION OF DOCUMENT RESPONSIVE TO PLAINTIFF'S REQUESTS FOR PRODUCTION NOS. 37 AND 38 |

On July 11, 2005, Plaintiff Anthony W. Huntsinger and Defendant Northern Inyo County Local Hospital District filed a pleading entitled "Stipulation Concerning Discoverability of Document Responsive to Requests Nos. 37 and 38 of First Inspection Demand; Proposed Alternative Orders" ("Stipulation"). (Court Doc. 93). The Stipulation advised the Court that pursuant to an earlier court order, presumably an Order Regarding Plaintiff's Motion to Compel Further Production of Documents and Request to File Documents under Seal dated April 28, 2005 (Court Doc. 81), Defendant recently produced a responsive document which is a "Statement of Deficiencies and Plan of Corrective Action" for a survey completed on May 20, 1998.

The Stipulation further advised that the parties disagree upon whether "Evidence Code Section 1157" applies to the Statement of Deficiencies and Plan of Corrective Action, and that Defendant has not filed a motion for a protective order because it contends that it is unlikely the Court will apply Section 1157 as a basis to allow Defendant to withhold production of such document. Instead, the parties have brought their disagreement to the Court's attention by way of the Stipulation, and request the Court to consider resolving this discovery dispute by making one of two alternative proposed orders submitted with the Stipulation.

**ORDER**

The Court has reviewed and considered the Stipulation and proposed orders, and makes the following order thereon:

1. On or before July 26, 2005, Defendant Northern Inyo County Local Hospital District must produce to Plaintiff the Statement of Deficiencies and Plan of Corrective Action for a survey completed on May 20, 1998; provided, however, that the identity of any physician named in the document may be redacted to protect any privilege, and a protective order shall first be issued to address any remaining reporting party or reported party privacy concerns.

2. Counsel for the parties to meet and confer and agree upon a mutually acceptable form of protective order, to be approved by the Court before the Statement of Deficiencies and Plan of Corrective Action is produced. The parties must memorialize their agreement in a written stipulation to be filed with the Court, which either attaches the proposed form of protective order, or makes specific reference to the date of any prior protective order which the parties request to have be applied to the Statement of Deficiencies and Plan of Corrective Action. If the parties are unable to agree upon the form of the protective order, the parties may return to the Court for further relief.

3. The first proposed form of order submitted with the Stipulation recites that the Statement of Deficiencies and Plan of Corrective Action "may be produced pursuant to the previously filed Stipulation for Protective Order." However, more than one stipulation for a protective order was filed in this matter, and the Stipulation does not state which one was agreed upon.  Further, it appears that no protective order has been issued in this matter since April 28, 2005 (the date of the Court's ruling compelling the partial production of documents in response to Plaintiff's requests for production nos. 37 and 38), and thus the parties may wish to  consider submitting a stipulated proposed form of protective order tailored to address the particular privacy concerns raised with respect to the production of the Statement of Deficiencies and Plan of Corrective Action.

IT IS SO ORDERED.

**Dated:   July 11, 2005**                           **/s/ Theresa A. Goldner**
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE